UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 26-61379-CIV-SINGHAL

ADAMA BELEM,

      Petitioner,

vs.

MITCHELL DIAZ, Assistant Field Office
Director for Detention at Broward
Transitional Center, *et al.*,

      Respondents.
_____/

## ORDER

**THIS CAUSE** is before the Court on Petitioner's Petition for Writ of Habeas Corpus (the "**Petition**").  (DE [1]).  Petitioner represents that he entered the United States without inspection or admission in 2022 and was not seeking lawful entry when he was recently detained in January 2026, but that the government subjects him to mandatory detention without bond under 8 U.S.C. § 1225(b)(2).  (DE [1] at ¶¶ 2–3, 5, 7; [1-2] (placing Petitioner in removal proceedings under INA § 240)).  He submits he is entitled to a bond hearing pursuant to 8 U.S.C. § 1226(a) and attorney fees and costs under the Equal Access to Justice Act, 28 U.S.C. § 2412.  (DE [1] at 22–23).

Characteristic of the undersigned's upbringing, surrounded by law-abiding immigrants who left oppressive conditions in search of a rule-following citizenry in a country that offered a better life, there was one maxim that rang true above all others: one respected and followed his parents even when they were wrong.

Today that same principle applies with the concept of vertical precedent.  Despite the superior and well-reasoned plain-meaning analysis of the dissenting judge in *Hernandez Alvarez v. Warden, Federal Detention Center, Miami*, 2026 WL 1243395 (11th

Cir. May 6, 2026) (Lagoa, J.), this Court is duty-bound to follow the majority opinion authored by its parent court.  The Eleventh Circuit ruled that aliens who are detained within the country, rather than upon arrival at the border, are not subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A) but are instead entitled to a bond hearing under 8 U.S.C. § 1226.  Because § 1225(b)(2)(A) by its plain language applies to non-admitted aliens who are inspected in the interior, the rule created in *Alvarez* should not have come from any court but instead from Congress.

It is Congress who is empowered to enact this country's immigration laws, and Congress saw fit to fashion a mandatory detention scheme in § 1225(b)(2) and a more flexible scheme permitting detention, bond, or parole under § 1226(a).  In this Court's view, *Alvarez* effectively dismantles that scheme contrary to congressional will.  That the Executive branch proceeded against aliens subject to § 1225(b)(2)'s mandatory detention scheme pursuant to § 1226(a) for nearly 30 years demonstrates only the Executive's discretion in enforcement matters, not § 1225(b)(2)'s inapplicability.  Executive memoranda indicates that decision was a conscious choice.  *See* 62 Fed. Reg. 10312, 10323 (March 6, 1997) ("*Despite being applicants for admission*, aliens who are present without having been admitted or paroled (formerly referred to as aliens who entered without inspection) will be eligible for bond and bond redetermination.") (emphasis added).

Accordingly, in this Court's view, *Alvarez* interprets sections 1225(b)(2)(A) and 1226(a) in a way that effectively eliminates one of the two congressionally authorized means of removing aliens who are unlawfully present in the United States.  The result is both damage to the political will as expressed by Congress and also to the Executive's prerogative in choosing between multiple lawful means to achieve a common end.  While

the insistence of courts to do Congress's work has historically resulted in consequences damaging to the country, inferior courts must follow their appellate authorities—right or wrong.  Consequently, this Court faithfully follows binding precedent as expressed in *Alvarez*.

Courts maintain authority and jurisdiction to grant writs of habeas corpus when aliens are unlawfully held in immigration detention.  28 U.S.C. § 2241(c)(3); *Zadvydas v. Davis,* 533 U.S. 678, 687 (2001).  Under Eleventh Circuit precedent, it appears that Petitioner is being held in violation of the Immigration and Nationality Act.  Accordingly, it is hereby

**ORDERED AND ADJUDGED** that:

1. Respondents are **ORDERED** to either:

   a. provide Petitioner an individualized bond hearing pursuant to 8 U.S.C. § 1226(a) no later than **June 12, 2026**; or

   b.  show cause as to the legality of Petitioner's detention by **June 19, 2026**;

2. Respondents are further **ORDERED** to certify provision of a bond hearing or their intent to show cause by **June 12, 2026**.

**DONE AND ORDERED** in Chambers, Fort Lauderdale, Florida, this 5th day of June 2026.

RAAG SINGHAL
UNITED STATES DISTRICT JUDGE

Copies furnished counsel via CM/ECF

3